IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re Search Warrant No. 16-960-M-01 : Misc. No. 16-960-M-01
to Google :

## ORDER

**AND NOW**, this 3rd day of February, 2017, upon consideration of the Objection to the Search and Seizure Warrant filed by Google Inc. ("Google") in the above matter on the grounds that it is overbroad (See Doc. 7, at pp. 7-9), it is hereby

## ORDERED

that the Objections are **OVERRULED** because Google cannot challenge the warrant on its account holder's behalf.[1]

BY THE COURT:

THOMAS J. RUETER
United States Magistrate Judge

---

[1] Only the account holder has the right to move to suppress evidence after criminal charges are filed. "The Constitution does not give property owners a 'license to engage the police in debate over the basis for the warrant.'" United States v. Sims, 553 F.3d 580, 584 (7th Cir. 2009) (quoting United States v. Grubbs, 547 U.S. 90, 98-99 (2006)). See Grubbs, 547 U.S. at 99 ("The Constitution protects property owners . . . by interposing, ex ante, the deliberate, impartial judgment of a judicial officer" and "by providing, ex post, a right to suppress evidence improperly obtained . . . ."); Rakas v. Illinois, 439 U.S. 128, 133-34 (1978) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted."). See also In re 381 Search Warrants Directed to Facebook, Inc., 132 A.D. 3d 11, 14-15 (N.Y. App. Div. 2015) (denying Facebook's motion to quash search warrants because there is no constitutional or statutory right to challenge an alleged defective warrant before it is executed), leave to appeal granted sub nom., 381 Search Warrants Directed to Facebook, Inc. v. N.Y. Cty. Dist. Attorney's Office, 44 N.E.3d 938 (2015).